UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA | : |
| | : |
| v. | : Crim. No. 22-cr-96 (CKK) |
| | : |
| | : |
| JAY SMITH (aka JUANITO PICHARDO), | : |
| | : |
| | : |
| Defendant. | |

**GOVERNMENT'S MEMORANDUM IN AID OF SENTENCING**

On October 22, 2020, the defendant, Jay Smith, invaded a reproductive health clinic, and in doing so, injured one of its nurses. As he has now admitted, his goal was clear: the Defendant traveled from out-of-state to the District of Columbia to prevent patients from obtaining health care. His actions inflicted trauma – both emotional, and physical. He knew he risked arrest, and he knew his actions were a crime. For this repugnant conduct, the Government requests that the Court impose a United States Sentencing Guidelines (U.S.S.G. or "Sentencing Guidelines") compliant sentence of 10 months' incarceration.

I.  **Procedural Background**

On March 24, 2022, a federal grand jury for the District of Columbia returned a two-count Indictment charging the Defendant, together with coconspirators Lauren Handy, Jonathan Darnell, Paula "Paulette" Harlow, Jean Marshall, John Hinshaw, Heather Idoni, William Goodman, and Joan Bell with Conspiracy Against Rights, in violation of 18 USC § 241 (Count One) and Freedom of Access to Clinic Entrances Act, in violation of 18 USC §§ 248(a)(1) and 2 (Count Two). On October 14, 2022, a federal grand jury returned a two-count Superseding Indictment adding an additional coconspirator, Herb Geraghty, to the indictment.

1

On March 1, 2023, the United States Attorney for the District of Columbia filed a one-count Second Superseding Information charging the Defendant with Freedom of Access to Clinic Entrances Act, in violation of 18 USC §§ 248(a)(1) and (b)(2). He plead guilty to the Second Superseding Information the same day after entering into a plea agreement with the United States.

## II.     Factual Background

The Washington Surgi-clinic ("the clinic") is a reproductive health services facility located in Washington, D.C. The clinic provides patients with reproductive health care, to include pregnancy termination services on an appointment-only basis. Before the clinic was scheduled to open on October 22, 2020, the Defendant, who resides in New York, traveled to the District of Columbia with coconspirator John Hinshaw to participate in an invasion of the clinic.

The invasion was planned and organized by individuals local to the District of Columbia including conspirators Lauren Handy and Jonathan Darnel. Defendant Smith met with his conspirators prior to the planned blockade, where the group discussed the plan for its execution. At this meeting, coconspirator Handy advised the group of the clinic's layout and floor plan so that each conspirator knew which doors to blockade. Coconspirator Handy also scheduled a fake patient appointment to gain access to the facility

Defendant Smith, along with his conspirators, arrived at the clinic shortly before it was scheduled to open the morning of October 22, 2020. The entrance door was locked when they arrived and several patients were waiting outside the door. At approximately 9:00 a.m., a clinic staff member unlocked the door to admit the waiting patients. At that time, the Defendant, along with his coconspirators, forcefully entered through the clinic's entrance. The Defendant, who stood at the door when it was unlocked, forcefully pushed the door open as the staff member attempted to close the door to prevent the conspirators from entering.

Once the Defendant pushed through the door, he held it open as he backed into the clinic's waiting room. One staff member, a nurse, tried to stop the Defendant. As the Defendant intentionally pushed back and up against the nurse, she twisted her ankle; she was injured as a result of the Defendant's intentional push.

The conspirators, including the Defendant, formed a physical blockade once they entered the clinic's waiting room. Defendant Smith, and coconspirators Hinshaw, Bell, and Harlow bound themselves together using chains, ropes and bicycle locks, and they sat against the clinic's interior door. Defendant Smith's other coconspirators either blockaded other doors leading into the clinic, or they aided the blockaders in creating and maintaining physical obstructions that prevented clinic staff and patients from entering or exiting the facility.

During the blockade, which ended with the conspirators' arrest, at least one patient was unable to access the treatment area because the Defendant and his conspirators blocked the door. The patient, a pregnant woman, was forced to climb onto a chair and through a receptionist window in the waiting room to access the clinic's treatment area.

### III.     The Applicable United States Sentencing Guidelines

The parties, and the United States Probation Officer, agree on the following Sentencing Guidelines calculation (PSR ¶ 16):

| | |
|---|---|
| Base offense level (U.S.S.G.§ 2H1.1(a)(2)): | 12 |
| Vulnerable victim enhancement (U.S.S.G. § 3A1.1(b)(1)): | +2 |
| Total offense level: | 14 |

The Government recommends a two-level reduction for acceptance of responsibility, pursuant to U.S.S.G. §3E1.1, thereby resulting in a total offense level of 12. The defendant is estimated to have one criminal history point, giving him a criminal history category of I. Therefore, the defendant's estimated Sentencing Guideline's range at an offense level of 12 is 10 months to

16 months. In addition, the parties agree that pursuant to U.S.S.G. § 5E1.2, should the Court impose a fine, at guidelines level 12, the estimated applicable fine range is $3,000 to $30,000.

## IV.   The Appropriate Sentence Considering the Factors Set Forth in Section 3553(a)

To determine an appropriate sentence, the Court must first accurately calculate the Defendant's advisory Guidelines range, and then consider the various factors set forth in 18 U.S.C. § 3553(a). *Gall v. United States*, 552 U.S. 38, 49-50 (2007). These factors include the nature and circumstances of the offense; the history and characteristics of the defendant; and the need for the sentence to promote respect for the law, just punishment, and adequate deterrence. 18 U.S.C. § 3553(a). The United States submits that considering these factors, a guidelines sentence at the bottom of Offense Level 12 (Zone C, 10 to 16 months' incarceration) is appropriate and not greater than necessary to comply with the purposes set forth in 18 U.S.C. § 3553(a)(2). The United States also submits that a fine within the applicable guidelines range of $3,000 to $30,000 is appropriate.

First, the nature and circumstances of the offense support a significant sentence. The Defendant traveled from out of state to commit an offense that appears to be motivated by ideology. The crime was designed to inflict severe emotional and physical trauma on vulnerable victims – pregnant women – seeking medical care. The victims have all been deeply impacted by defendant's conduct.

The second factor that the Court must consider in fashioning an appropriate sentence is the history and characteristics of the defendant. The portrait of the Defendant set forth in the Presentence Report is not one that excuses his behavior, nor provides a reason to depart from the Guidelines recommendations. He does not have a substance abuse problem, nor has he a history of mental illness. Moreover, given his two prior misdemeanor convictions, the instant charges suggest that his criminal behavior may be escalating and not an isolated incident.

The Defendant's sentence must also reflect the seriousness of the offense to promote the rule of law, to provide just punishment, and to provide adequate deterrence. These factors too support a significant sentence. Any crime motivated by ideology suggests a willingness on the part of the participant to reoffend. Nevertheless, the Government notes that Defendant Smith has taken full responsibility for his behavior. He admits that he agreed with his co-defendants to blockade the clinic, organized by defendants Handy and Darnel PSR ¶ 31. He admits it was his intention to participate in the blockade to prevent patients and providers from exercising their reproductive health care rights, and he further agreed to risk arrest by participating in the blockade, which he knew was a crime. *Id.* Given the Defendant's willingness to accept responsibility for his behavior and corresponding respect for the rule of law, the Government agreed to cap its sentencing allocution at 10 months, the bottom of the applicable guidelines range. Such a sentence would promote general deterrence, and it would properly account for the alarming nature and circumstances of the defendant's conduct.

## V.     Conclusion

For the foregoing reasons, the Government requests that the Court impose a guidelines complaint sentence of 10 months' incarceration and a fine within the applicable Sentencing Guidelines range of $3,000 to $30,000.

Respectfully submitted,

MATTHEW M. GRAVES
UNITED STATES ATTORNEY

KRISTEN CLARKE
ASSISTANT ATTORNEY GENERAL
CIVIL RIGHTS DIVISION

*/s/ Elizabeth Aloi*

SANJAY H. PATEL
Trial Attorney
Criminal Section
Civil Rights Division
4 Constitution Square
150 M St. NE, 7.121
Washington, D.C. 20530
Email: Sanjay.Patel@usdoj.gov

ELIZABETH ALOI
Assistant United States Attorney
601 D Street, NW
Washington, DC 20001
Email: EAloi@usdoj.gov