IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA | * |
| v. | * Case No. 22-00096-CKK |
| JAY SMITH | * |

## DEFENDANT'S MEMORANDUM IN AID OF SENTENCING

The Defendant, Jay Smith, by and through his attorneys, Michael E. Lawlor, and Nicholas G. Madiou, Brennan, McKenna & Lawlor, Chtd., submits this memorandum in support of the arguments to be presented at the time of sentencing. This memorandum focuses on Mr. Smith's personal history and characteristics, including his minimal criminal history; the nature and circumstances of the offense, his acceptance of responsibility; and the support he enjoys from his family and community. For the reasons stated throughout this memorandum, Mr. Smith respectfully asks that this Court consider this information and impose a variant sentence of a three-year period of supervised release.

### I. Introduction

On March 24, 2022, a grand jury sitting in the District of Columbia returned a two-count Indictment charging Mr. Smith and eight co-defendants with (1) participating in a Conspiracy Against Rights, in violation of 18 USC § 241 ("Count One"); and (2) violating the Freedom of Access to Clinic Entrances Act, in violation

1

of 18 USC §§ 248(a)(1) and 2 ("Count Two"). On October 14, 2022, the Government charged Mr. Smith in a Superseding Indictment, adding a co-defendant to the charging document which sets forth the same two criminal offenses.

The criminal conduct charged in Count One occurred between October 7 and October 22, 2020. The substantive offense charged in Count Two of the Superseding Indictment occurred on October 22, 2020.

On March 1, 2023, the United States Attorney for the District of Columbia filed a one-count Second Superseding Information charging Mr. Smith violating the Freedom of Access to Clinic Entrances Act, in violation of 18 USC §§ 248(a)(1) and (b)(2). That day, Mr. Smith appeared before this Honorable Court and entered a guilty plea to Count One of the Second Superseding Information.

Sentencing in this matter is set for August 7, 2023. At the time of sentencing, Mr. Smith will have remained on pretrial release, and fully compliant for a period of more than 14 months. The offense conduct in this case occurred nearly three years ago. Since that time, Mr. Smith has had no other contacts with the criminal justice system. For the reasons stated throughout this memorandum, Mr. Smith respectfully asks this Court to impose a noncustodial sentence in this case.

## II.   Advisory Guidelines Calculation

Mr. Smith agrees with the calculation of the advisory guidelines range as set forth in his written plea agreement as well as the Presentence Investigation Report ("PSR").

The base offense level applicable to Count One is 12 pursuant to U.S.S.G. § 2H1.1(a)(2). Two levels are added because Mr. Smith knew or should have known the victim in this case was a vulnerable individual pursuant to U.S.S.G. § 3A1.1(b)(1). Mr. Smith is entitled to a two-level downward adjustment for his acceptance of responsibility and timely notification of his intention to plead guilty. Accordingly, the final adjusted offense level in this case is 12.

Mr. Smith comes before the Court with a very minor criminal record. He is assessed one criminal history point. Accordingly, he is properly placed into Criminal History Category I. With an adjusted offense level of 12 and a Criminal History Category I, the advisory guidelines recommend a sentence in this case of 10-16 months of incarceration. Under the written plea agreement, the Government has agreed to cap its allocution at sentencing to no more than 10 months of incarceration.

For the reasons stated throughout this memorandum, Mr. Smith respectfully submits that a variant sentence of three years of supervised release, is a sufficient but not greater than necessary punishment for Mr. Smith's conduct in this case. Should the Court determine that a more serious punishment is warranted in this case,

Mr. Smith respectfully asks that an initial period of his supervised release be served on home detention.

### III. A Reasonable Sentence in this Case

The overarching goal of federal sentencing is to impose a sentence that is sufficient, but not greater than necessary to provide just punishment, afford adequate deterrence, protect the public, and provide the defendant with needed medical care, satisfying the sentencing factors under 18 U.S.C. § 3553(a).

The Supreme Court has stated that the cornerstone of federal sentencing is that the sentencing judge "consider every convicted person as an individual and every case as a unique study in the human failings that sometimes mitigate, sometimes magnify, the crime and punishment to ensue." *Pepper v. United States*, 562 U.S. 476, 487 (2011) (quoting *Koon v. United States*, 518 U.S. 81, 113 (1996)). This Court must make an *individualized* assessment based on the facts presented when imposing a sentence, applying the relevant § 3553(a) factors to the specific circumstances of the case.

The Supreme Court has recognized that a "sentencing judge is in a superior position to find facts and judge their import under § 3553(a) in the individual case. The judge sees and hears the evidence, makes credibility determinations, has full knowledge of the facts and gains insights not conveyed by the record." *Gall v. United States*, 552 U.S. 38, 51 (2007). For those reasons, appellate courts afford great

4

deference to a district court's factual findings at sentencing. Here, when considering all relevant factors, a variant sentence of three years of supervised release is sufficient punishment for Mr. Smith's criminal conduct, without being greater than necessary.

## IV. Personal History & Characteristics

Mr. Jay Smith was born on March 6, 1990 in Santiago, Dominican Republic. He appears before the Court now at the age of 33. Mr. Smith's parents, Gregoris and Rosa Pichardo, were married at the time of Mr. Smith's birth. Mr. Smith was born in the Dominican Republic, but came to live in the United States when he was three years old. He has lived in Freeport, New York since the age of three, but he maintains strong ties to family in the Dominican Republic.

Growing up, Mr. Smith experienced abject poverty. His parents came to the United States without a formal education, and were forced to work menial jobs in an attempt to make ends meet. As a result, the family's finances were always strained. At home, Mr. Smith often felt the anxiety of the financial stress on his parents. Making things worse, Mr. Smith's father was both verbally and physically abusive. As he described to the PSR author, Mr. Smith stated that his parents' "form of discipline was not 'smart' and was sometimes excessive." Although as a child, these realities put a tremendous burden on Mr. Smith, he now "has reconciled any ill will towards his parents."

Mr. Smith's parents' relationship was tumultuous and eventually the two were divorced when Mr. Smith was 13 years old. Following his parents' divorce, Mr. Smith's father returned to the Dominican Republic. Mr. Smith's mother did not make enough money to provide for her children, and as a result the immediate family was forced to break up temporarily. For a teenaged Mr. Smith, this time in his life was extremely difficult. His mother moved into a room for rent with her daughter. Mr. Smith went to live with his older brother at a different location.

Following his parents' separation and divorce, Mr. Smith withdrew from the Dodd Middle School in Freeport, New York. He was 13 years old and enrolled in the 8th grade. Mr. Smith received no other formal education in the United States, although he reports receiving his General Educational Development ("GED") certificate while visiting his family in the Dominican Republic.

Mr. Smith is the proud father of two daughters from two prior relationships. Mr. Smith has a ten-year-old daughter, Dariela, from his prior relationship with Ms. Paola Rosario. Dariela lives in Florida with her mother. Mr. Smith maintains a relationship with his daughter and provides financial support to her and her mother when he is able.

Mr. Smith also has a seven-year-old daughter named Darielys, through his prior relationship with Ms. Jennifer Adamas. Darielys resides in Freeport, New York and the two enjoy a meaningful relationship with one another.

Mr. Smith maintains a residence in Freeport, New York where he lives with his mother and brother. The family works together to make ends meet and provide a stable and health home. Mr. Smith has lived in the same home since 2006.

Mr. Smith has maintained employment, helping to provide for himself and his mother over the years. He obtained a commercial driver's license, an unarmed security guard license, and a home health aide license. Mr. Smith has experience working in all three fields.  Most recently, Ms. Smith worked as a personal driver and taxi service. However, he reported to the PSR author that his car was recently damaged in an accident and he has been unable to work. Mr. Smith lacks funding to fix his car and is currently without employment.

Mr. Smith's history and characteristics is respectfully presented to this Court in support of a variant sentence in this case. While the conduct in this case is serious, Mr. Smith comes before the Court with a very minor criminal record. He immigrated to the United States when he was very young, and was raised in abject poverty. Despite a lack of formal education and significant challenges growing up, Mr. Smith is a hardworking man and a loving and devoted family member. For these reasons, and those presented throughout this memorandum, Mr. Smith respectfully asks this Court to impose a non-custodial sentence in this case.

## V. The Nature and Circumstances of the Offense

Mr. Smith has accepted responsibility for his conduct in violation of the Freedom to Access Clinic Entrances Act. Mr. Smith accepts this responsibility with a genuine and honest sense of remorse. As of the filing of this memorandum, Mr. Smith is the only defendant charged in this case to enter a guilty plea, and the remaining co-defendants are all scheduled to proceed to trial in this case.

While nothing in this memorandum is meant to minimize the seriousness of Mr. Smith's conduct, it is important to note that Mr. Smith came to the District of Columbia almost three years ago with genuinely held moral and religious beliefs about abortion. In the past, he has engaged in positive and healthy dialogues with individuals contemplating whether to have an abortion. Unfortunately, Mr. Smith's conduct on October 22, 2020 was different than what he normally engaged in – engaging in public discourse with individuals contemplating an abortion on a voluntary and respectful basis.

As the statement of facts sets forth, co-defendant Lauren Handy scheduled a fake patient appointment for October 22, 2020, at the Surgi-clinic in order to gain access to the facility. Mr. Smith and his co-defendants arrived at the clinic shortly before it opened. When the clinic opened, Mr. Smith pushed the door open as "Medical Specialist H" attempted to close the door to prevent the defendants from entering. Mr. Smith held the door open and backed himself into the clinic's waiting

8

room. Medical Specialist H and two other Surgi-clinic staff members (Nurse K and Clinic Administrator B) resisted the defendants' efforts to enter into the facility. During this resistance, Nurse K twisted her ankle.

While Mr. Smith still holds the same moral and religious beliefs about abortion, he regrets his involvement in the offense conduct, and the injury caused by his conduct to Nurse K. Mr. Smith had never engaged in conduct like this before, and in the almost three years since the event, he has not engaged in conduct remotely similar. Mr. Smith understands that his conduct was wrong, and he has now formally accepted responsibility. As noted, more importantly, Mr. Smith has demonstrated to this Court that he has not and will not engage in similar conduct again.

## VI. Date of the Offense & Time on Pretrial Supervision

As previously discussed, the offense conduct in this case occurred on October 22, 2020 almost three years ago. Mr. Smith has not engaged in similar conduct since that time.

On May 30, 2022, Mr. Smith was arrested in the Southern District of New York. There he made his initial appearance and was released. On April 5, 2022, Mr. Smith made his initial appearance in the District of Columbia. He was released on his personal recognizance and has remained released with pretrial conditions for a

period of 14 months. During this time, Mr. Smith has remained fully compliant with all conditions of release imposed by this Court.

Given the time between the offense conduct almost three years ago, and his success over the course of 14 months on supervised release, this Court can be sure that Mr. Smith will continue to comply with all conditions of supervised release after his sentence is imposed.

### VII. Family and Community Support

Despite the challenges associated with his convictions in this case, Mr. Smith enjoys the support of family and friends, for which he is immensely grateful. The support of family and the community is a factor this Court can and should consider in imposing a sufficient but not greater than necessary sentence.

Attached to this memorandum is a letter written to the Court by Mr. Kevin P. Coughlin. *See* Exhibit A. This letter demonstrates that Mr. Smith is not someone for whom incarceration is necessary to achieve the purposes of sentencing. This letter also demonstrates that Mr. Smith's conduct in this case is not a true reflection of who he is as a person. As noted, Mr. Smith has never engaged in similar conduct, either before the offense or in the almost three years since the offense.

Mr. Coughlin's letter also helps demonstrate the positive influence Mr. Smith has on his community and the people he comes in contact with on a daily basis. In

his letter, Mr. Coughlin writes that Mr. Smith "is a constant fixture and servant at Our Holy Redeemer Parish in Freeport, NY." Mr. Smith is described as kind, gentle and soft spoken. Mr. Smith "assists in volunteering for the parish's outreach programs multiple days each week. He is also [a] member of the church choir and an active participant in Mass each week." In 2022, both Mr. Smith and Mr. Coughlin trained to become Eucharistic Ministers at Our Holy Redeemer. Mr. Coughlin goes on to state: "based on what I personally know of Mr. Smith, the offenses he has been charged with are highly out of character and a complete aberration to his kind and selfless reputation. Jay does so much good for the people of Freeport, NY, whether it's helping out in the parish outreach soup kitchen, running a clothing drive or distributing school supplies to needy families, his contributions are life-changing." Exhibit A.

Mr. Smith humbly asks this Court to consider the tremendous support he enjoys from his family and community when imposing a just sentence in this case.

### VIII. Acceptance of Responsibility and Sincere Remorse

Mr. Smith has accepted responsibility for his conduct in this case with a genuine sense of remorse. Throughout his life, Mr. Smith has worked hard to provide for himself and his family. He has not engaged in similar conduct either before the offense or in the almost three years since. While on pretrial release to this Court he has demonstrated over the course of 14 months that he is a law-abiding citizen,

11

complying with every condition imposed by this Court. Mr. Smith hopes that his response to this case, not only through his formal plea and acceptance of responsibility, but also with his compliance with this Court's conditions, help demonstrate that incarceration in this case is greater than necessary to punish Mr. Smith in this case.

IX.   **Conclusion**

In light of the above, Mr. Smith respectfully requests that this Court exercise leniency in its ultimate resolution of this matter and impose a variant sentence of a term of supervised release. Such a sentence is sufficient, but not greater than necessary to achieve the goals of 18 U.S.C. § 3553(a) in this case.

Respectfully submitted,

s/_____
Michael E. Lawlor
Nicholas G. Madiou
Brennan, McKenna & Lawlor, Chtd.
6305 Ivy Lane
Suite 700
Greenbelt, Maryland  20770
301.474.0044

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on July 25, 2023, a copy of the foregoing was electronically filed, with a copy sent to counsel for the United States Attorney's Office for the District of Columbia     .

                                         s/_____
                                         Michael E. Lawlor