UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA | : |
| v. | : No. 22-cr-0096 (CKK) |
| JOAN BELL | : |

## MOTION TO EXCLUDE CERTAIN TESTIMONY

Defendants, through counsel, joined by Jonathan Darnel and Jean Marshall, move this Honorable Court to exclude the testimony of any witness (whether a former patient or employee at the Washington Surgi-Clinic) that is unduly emotional in nature, and that does not go to the elements of the two charges in this case. Defendants also seek to exclude any testimony that would describe the (potential) patient's reason for seeking an abortion, including any alleged diagnosis of the viability of the fetus. In support, the defendants state as follows.

**I. The Alleged Criminal Behavior**

The defendants were charged in Count Two, in relevant part, as follows:

**(a) Prohibited activities.**--Whoever--

**(1)** by force or threat of force or by physical obstruction, intentionally injures, intimidates or interferes with or attempts to injure, intimidate or interfere with any person because that person is or has been, or in order to intimidate such person or any other person or any class of persons from, obtaining or providing reproductive health services…shall be subject to the penalties provided in subsection (b).…"

18 U.S.C.A. § 248 (a)(1).

Indeed, in the trial of Group One Defendants, this Court instructed the Jury as to Count Two as follows:

Count Two charges the defendants with obstructing access to a reproductive health clinic. The Government must prove the following elements beyond a reasonable doubt:

1. A defendant used force or physical obstruction;

2. A defendant intentionally injured, intimidated, or interfered with [Victim 1] or the employees of the Washington Surgi-Clinic, or attempted to do so; and

3. A defendant did so because [Victim 1] was obtaining, or the Washington Surgi-Clinic was providing, reproductive health services.

As to the first element, the term "force" means power and/or violence exerted upon or against a person or property. The term "physical instruction" means rendering impassable an entrance to or an exit from a facility that provides reproductive health services, or rendering passage to or from such a facility unreasonably difficult or hazardous.

As to the second element, the term "intimidate" means to place a person in reasonable expectation of bodily harm to themself or another. The term "interfere" means to restrict a person's freedom of movement.

As to the third element, "reproductive health services" means reproductive health services provided in a hospital, clinic, physician's office, or other facility, and includes medical, surgical, counselling, or referral services relating to the human reproductive system, including services relating to pregnancy or the termination of a pregnancy. A provider of reproductive health services includes any staff member who is an integral part of the business where reproductive health services are provided. You are instructed that there is no law in the District of Columbia limiting the stage of pregnancy at which an abortion may be performed.

## II. Expected Witness Testimony

Based on prior patient witness testimony, as well as documents provided to the defendants in discovery, defendants anticipate that the government may seek to elicit testimony not relevant to the charges. For instance, one witness testified that she came to Washington, D.C. to have an abortion because, although she wanted

the child, the child "was not fully developed, and none of his body part, except his heartbeat is visible or hearable." She went on to testify that choosing an abortion was a difficult decision to make. Finally, she testified that the "little pink tablet" provided to her created "labor pain, it was huge pain." She fell on floor during her ordeal.

Other patients may seek to testify about the physical or emotional trauma they experienced as a result of their pregnancies, and/or their decision to terminate their pregnancies.

Defendants are not aware of all of the non-relevant and prejudicial testimony the government may seek to elicit, but they respectfully request that this issue be addressed outside of the presence of the jury, and that any such testimony be excluded under Federal Rules of Evidence 401 and 403.

**III. The Testimony is Not Relevant and Is Unfairly Prejudicial**

Fed. R. Evid. 401 states, "Evidence is relevant if: (a) it has any tendency to make a fact more or less probable than it would be without the evidence; and (b) the fact is of consequence in determining the action."

Fed. R. Evid. 403 states, "The court may exclude relevant evidence if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence."

As set forth above, the jury will be instructed as to the elements of the charged offense. The elements the government has to prove in order to convict the

defendants are far removed from any woman's reason for obtaining an abortion and the pain she may have suffered both mentally and physically in undergoing the process.

Here, the evidence regarding the reason a woman may seek an abortion is immaterial to the case. "Relevant evidence, Rule 401 tells us, is 'evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence.' Under this test, there is no such thing as 'highly relevant' evidence or, as the government puts it in its brief, 'marginally relevant'" evidence. Evidence is either relevant or it is not." *United States v. Foster*, 986 F.2d 541, 545 (D.C. Cir. 1993).

In addition, 18 U.S.C. §248(a)(1) is applicable to any reproductive health services, not just abortions. This makes the reason(s) for seeking an abortion and the related effects of treatment two steps – if not three steps - removed from what the government needs to prove.

In addition, the testimony is not only irrelevant, but it should go without saying that hearing testimony from a woman whose fetus was not viable - a woman who did not want to abort her child and who suffered extreme pain as a result of the preparation for the procedure - will only draw on the sympathy of the jury. And this is not only irrelevant – it is highly prejudicial.

This Court has reiterated throughout the jury selection process, as well as in its pretrial rulings, that "this case is not about abortion." It has also entered orders

4

that serve to prevent defendants from raising any evidence that may have an emotional component, such as the defendants' feelings about the "murder" of unborn children and other loaded concepts.

In that same vein, the government should not be permitted to elicit evidence that does not directly address the elements of the two offenses charged here – whether a patient was prevented from accessing reproductive services.

While it is absolutely heart-rending that one or more of the women in this case experienced both emotional and physical pain in connection with their pregnancies and their efforts to obtain services at the Washington Surgi-Clinic, that evidence is not relevant to the elements of either offense charged.

Moreover, introduction of such evidence would confuse the issues, and unfairly prejudice the defendants.

In the event of conviction, this evidence would be relevant to the question of punishment. But it is simply not relevant to the question whether any defendant placed a person (here, the patient or a clinic staff member) in reasonable expectation of bodily harm to themselves or another person.

While some evidence of why the patients sought treatment would be admissible as "background" evidence, discussion of evidence that would pull at the heartstrings of a juror is not integral to the government's burden of proof, and would unfairly prejudice the jurors against the defendants.

Again, the question is whether the defendants blocked access to a patient who was seeking reproductive services, not whether that patient was in pain

(whether mental or physical) at that time. This may sound cold-hearted, but this Court has repeatedly hammered home the point that the case is about access, and nothing else.

**IV. The Patients have Civil Recourse**

Although the objectionable testimony is both irrelevant and prejudicial in this trial, this does not mean that the women who were allegedly impacted by the defendants' actions are without remedy.

18 U.S.C.A. § 248(c) provides:

(c) Civil remedies.—

(1) Right of action.—

(A) In general.--Any person aggrieved by reason of the conduct prohibited by subsection (a) may commence a civil action for the relief set forth in subparagraph (B), except that such an action may be brought under subsection (a)(1) only by a person involved in providing or seeking to provide, or obtaining or seeking to obtain, services in a facility that provides reproductive health services, and such an action may be brought under subsection (a)(2) only by a person lawfully exercising or seeking to exercise the First Amendment right of religious freedom at a place of religious worship or by the entity that owns or operates such place of religious worship.

(B) Relief.--In any action under subparagraph (A), the court may award appropriate relief, including temporary, preliminary or permanent injunctive relief and compensatory and punitive damages, as well as the costs of suit and reasonable fees for attorneys and expert witnesses. With respect to compensatory damages, the plaintiff may elect, at any time prior to the rendering of final judgment, to recover, in lieu of actual damages, an award of statutory damages in the amount of $5,000 per violation.

## **CONCLUSION**

For the reason stated herein, Defendants request that this Motion be granted.

Respectfully submitted,

*Stephen F. Brennwald*

_____
Stephen F. Brennwald, Esq.
Bar No. 398319
Brennwald & Robertson
922 Pennsylvania Avenue, S.E.
Washington, D.C. 20003
(301) 928-7727
(202) 544-7626 (facsimile)
sfbrennwald@cs.com

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a copy of the foregoing was sent, by ECF, this 9th day of September, 2023, to all parties of record.

*Stephen F. Brennwald*

_____
Stephen F. Brennwald